## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Stephen Craig Fulghum, | ) | Civil Action No. 4:10-02112-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Wise Seats, Inc., Mr. Mike Yon and | ) | **OPINION AND ORDER** |
| Mr. Jimmy Freudenberg, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Stephen Craig Fulghum ("Plaintiff") filed this action pro se against Defendants, Wise Seats, Inc. ("Wise"),[1] Mike Yon ("Yon"), and Jimmy Freudenberg ("Freudenberg") (collectively the "Defendants"), alleging state law claims for intentional infliction of emotional distress, defamation, breach of an implied employment agreement, and wrongful termination, all arising out of his former employment with Wise. (See ECF No. 1.) This matter is before the court on Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 75.) Plaintiff opposes summary judgment and asks the court to deny Defendants' motion. (ECF No. 85.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC, the matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On February 13, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended granting summary judgment to Defendants on all Plaintiff's claims. (ECF No. 96.) Plaintiff filed objections to the Report and Recommendation on March 1, 2012, to which Defendants filed a reply on March 19, 2012. (ECF Nos. 98 & 100.) For the reasons set forth

---

[1] Defendant Wise Seats, Inc. indicates its correct name is The Wise Co., Inc. (See ECF No. 75-1, p. 1, n.1.)

below, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and **GRANTS** Defendants' motion for summary judgment as to all Plaintiff's claims.

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation.  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate.  The court adopts this summary as its own, and will only reference facts pertinent to this analysis of Plaintiff's claims.

Wise is a manufacturer of marine interiors for the boating and watercraft industry.  (ECF No. 75-1, p. 2.)  Wise has operated a manufacturing facility in Greeleyville, South Carolina (the "Greeleyville facility") since 1973.  (Id.)  The primary products manufactured at the Greeleyville facility are custom interiors for pleasure boats as well as some aftermarket marine seating.  (Id.)

Plaintiff is a white male who was hired at will as plant manager for the Greeleyville facility in August 2007.  (ECF No. 1-1, p. 2; ECF No. 75-2, p. 6 (Tr. 13:20-25).)  At the time Plaintiff was hired, Freudenberg was the President of Wise and Yon was the Chief Operating Officer and he became Plaintiff's direct supervisor.  (ECF No. 75-7, ¶ 3.)  As plant manager, Plaintiff had complete responsibility for the overall operations of the Greeleyville facility including ensuring that production goals were met, maintaining quality expectations, shipping customer orders in a proper and timely manner, and ensuring that labor costs did not exceed budgeted goals.  (ECF No. 75-2, p. 11 (Tr. 33:25-34:25); ECF No. 75-10, ¶ 5.)  Plaintiff also had the authority to hire, discipline, terminate employees, but did not set the wage rates or Monday-through-Friday work schedules for employees at the Greeleyville facility.  (ECF No. 75-2, pp. 8 (Tr. 22:19-22), 9 (Tr. 23:12-15), 10 (Tr. 28:7-11), 11 (Tr. 31:5-10, 32:3-22); ECF No. 75-10, ¶ 5.)

2

On April 8, 2008, Wise was fabricating interiors on three new boats for a customer. (ECF No. 75-2, p. 31 (Tr. 111:13-112:10); ECF No. 75-10, ¶ 18.) On that morning, Plaintiff had communicated to both the customer and Yon that the boats were going to be shipped out by 2:00 p.m. (Id.) At an unspecified time in the afternoon, Yon called Plaintiff to check on the status of the shipment. (ECF No. 75-10, ¶ 18.) Plaintiff told Yon that the boats were loaded on the truck and the shipment was ready to go out. (ECF No. 75-2, p. 31 (Tr. 113:7-10); ECF No. 75-10, ¶ 18.) Yon then contacted Stanley Morgan, the shipping clerk at the Greeleyville facility, and asked him whether the shipment had been sent to the customer. (ECF No. 75-10, ¶ 18; ECF No. 75-2, p. 31 (Tr. 113:1-6).) Morgan told Yon that the product was neither on the truck, nor ready to be shipped out. (ECF No. 75-10, ¶ 18.) Because Yon believed that this was not the first time that Plaintiff had allegedly misled a customer about the status of a delivery, Yon immediately called Plaintiff and terminated him. (ECF No. 75-10, ¶¶ 17, 18; ECF No. 75-2, p. 31 (Tr. 113:1-6).)

On September 10, 2008 in response to his termination, Plaintiff filed a charge of discrimination alleging race discrimination and retaliation with the South Carolina Human Affairs Commission ("SHAC") and the United States Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1-1, p. 2.) On May 14, 2010, the EEOC issued Plaintiff a "Notice of Right to Suit" letter. (Id. at p. 1.) Thereafter, on August 12, 2010, Plaintiff filed this lawsuit alleging intentional infliction of emotional distress, defamation, breach of implied employment agreement, and wrongful termination. (See ECF No. 1.)

On December 6, 2010, Wise answered the complaint denying Plaintiff's allegations. (ECF No. 29.) Yon and Freudenberg filed their answers to the complaint on December 29, 2010. (ECF Nos. 41 & 42.) On June 22, 2011 after the completion of discovery, Defendants moved for

summary judgment pursuant to Fed. R. Civ. P. 56.  (ECF No. 75.)  Plaintiff filed opposition to Defendants' motion for summary judgment on October 25, 2011, to which Defendants filed a reply in support of summary judgment on November 7, 2011.  (ECF Nos. 85 & 86.)

## II.   LEGAL STANDARD AND ANALYSIS

**A.**     <u>**Standard**</u>

     1.      <u>Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  <u>See</u> <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  <u>See</u> 28 U.S.C. § 636(b)(1).

     2.      <u>Liberal Construction of Pro Se Complaint</u>

Plaintiff brought this action pro se, which requires the court to liberally construe his pleadings.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (4th Cir. 1978); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  <u>Haines</u>, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal.  <u>Id.</u> at 520–21.

### 3. Summary Judgment

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

### B.     Intentional Infliction of Emotional Distress

In his first cause of action, Plaintiff alleges that Defendants intentionally and recklessly inflicted upon him severe emotional distress by (1) using derogatory language when speaking to him about African-American employees; (2) asking him to treat black employees more harshly than white ones; (3) using pay scales that did not treat all employees equally; and (4) micromanaging him, sabotaging his work, and firing him unfairly.  (See ECF No. 1,  ¶¶ 5-10.)

Upon her review, the Magistrate Judge determined that Plaintiff did not meet his burden of establishing a prima facie case of intentional infliction of emotional distress under South Carolina law.  (ECF No. 96, p. 7.)  Specifically, the Magistrate Judge found that Plaintiff's allegations regarding Defendants using the word "nigger" and other vulgar language in his presence, sabotaging his work, and asking Plaintiff to treat black employees differently from white employees, while inappropriate, did not rise to the level necessary to state a claim for intentional infliction of emotional distress.  (Id.)  Therefore, the Magistrate Judge recommended dismissing Plaintiff's claim for intentional infliction of emotional distress as a matter of law.[2] (Id. at p. 9.)

Plaintiff objects to the Magistrate Judge's recommendation by simply asserting that he has met each of the elements for a claim of intentional infliction of emotional distress.  (ECF No. 98, p. 3.)

The court agrees with the Magistrate Judge that Plaintiff has failed to allege the type of "outrageous" conduct necessary to ground this claim.  One of the essential elements of this tort is that "the conduct [be] so extreme and outrageous as to exceed all possible bounds of decency

---

[2]  Defendants argued that Plaintiff's claim for intentional infliction of emotional distress is precluded by the exclusivity provision of the South Carolina Workers' Compensation Act.  (See ECF No. 75-1, p. 10 (citing S.C. Code Ann. § 42-1-540).)  The Magistrate Judge declined consideration of this argument based on the finding that Defendants were entitled to summary judgment on the merits.  (See ECF No. 96, p. 9 n. 6.)

and must be regarded as atrocious and utterly intolerable in a civilized community." Ford v. Hudson, 276 S.E.2d 776, 778 (S.C. 1981). The Restatement (Second) of Torts characterizes extreme and outrageous conduct as follows:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

Restatement (Second) of Torts § 46, Comment d. See also Hudson v. Zenith Eng'g Co., Inc., 259 S.E.2d 812, 814 (S.C. 1979). South Carolina law further limits claims of intentional infliction of emotional distress to intentional and outrageous conduct that is directed at the plaintiff, or conduct which occurred in the presence of a plaintiff of whom the defendant is aware. Upchurch v. N.Y. Times Co., 431 S.E.2d 558, 561 (S.C. 1993). Here, the conduct upon which Plaintiff bases his claim - his managers' use of the word "nigger" and other vulgar language in his presence and their asking Plaintiff to participate in their unlawful treatment of black employees - is not tortious conduct that was specifically directed towards Plaintiff. In this regard, the harm allegedly suffered by Plaintiff arose indirectly from the actions of his managers.

The Restatement (Second) of Torts provides that a plaintiff may recover for intentional infliction of emotional distress for harm suffered as a result of tortious acts which are not directed at the plaintiff, but injure another in the following situations: (2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or (b) to any other person who is

7

present at the time, if such distress results in bodily harm.  Restatement (Second) of Torts § 46(2); <u>Upchurch</u>, 431 S.E.2d at 562.  As a matter of policy, courts have limited such recovery "to the most extreme cases of violent attack, where there is some especial likelihood of fright or shock."  <u>Upchurch</u>, 431 S.E.2d at 562 (citing <u>Courtney v. Courtney</u>, 413 S.E.2d 418 (W. Va. 1991) (assault on mother in son's presence stated cause of action for intentional infliction of emotional distress by son)).

Based on the foregoing, Plaintiff's allegations cannot reasonably be regarded as extreme and outrageous under South Carolina law to establish a claim for intentional infliction of emotional distress.  <u>See e.g.</u>, <u>Shipman v. Glenn</u>, 443 S.E.2d 921, 922-23 (S.C. Ct. App. 1994) (holding a supervisor's actions of verbally abusing and threatening an employee with cerebral palsy with the loss of her job, and ridiculing the employee's speech impediment to the extent the employee was physically ill and had to leave work early was insufficient to state a claim for intentional infliction of emotional distress); <u>Wright v. Sparrow</u>, 381 S.E.2d 503, 505-06 (S.C. Ct. App. 1989) (finding allegations that supervisor built a case to justify firing the plaintiff by loading her with responsibility while stripping her of authority and by changing the manner of performing certain duties and then accusing her of not following directions held insufficient as a matter of law to constitute the tort of outrage); <u>Corder v. Champion Rd. Mach. Int'l Co.</u>, 324 S.E.2d 79, 81 (S.C. 1984) (holding that plaintiffs' allegation that they were fired in retaliation for exercising their legal rights was insufficient as a matter of law to constitute outrage); <u>but see McSwain v. Shei</u>, 402 S.E.2d 890, 891-92 (S.C. 1991) (holding that jury could find outrageous and intolerable the conduct of an employer who forced employee to perform exercises in public which exposed her incontinence problem to others); <u>Turner v. ABC Jalousie Co. of N.C.</u>, 160 S.E.2d 528, 530 (S.C. 1968) (where plaintiff alleged that she suffered a nervous breakdown after

8

defendant had used vile, profane, and abusive language, held that a cause of action had been stated).

South Carolina courts take a strict view of claims for intentional infliction of emotional distress in an employment context. Absent allegations of a "verbal assault" or "hostile, abusive encounters" in the workplace, such a claim simply cannot survive. Hudson, 259 S.E.2d at 814. Here, the allegations advanced by Plaintiff in support of his claim do not suggest the type of extreme and outrageous conduct required to survive summary judgment. As such, the court finds Plaintiff's objection to be without merit and agrees with the Magistrate Judge that Plaintiff's intentional infliction of emotional distress claim fails outright and should be dismissed as a matter of law.

**C.     Defamation**

In his claim for defamation, Plaintiff alleges that Defendants wrongfully terminated him "based on false allegations of professional conduct and poor performance . . . ." (ECF No. 1, ¶ 20.) And as a result, "his once spotless résumé is now tarnished" and he cannot find employment. (Id.)

Upon her review of Plaintiff's claim for defamation, the Magistrate Judge found that Plaintiff's allegations regarding how his termination tarnished his resume and affected his ability to find employment did not amount to an actionable claim for defamation. Moreover, the Magistrate Judge found that to the extent Plaintiff based his defamation claim on statements made by Defendants to the South Carolina Employment Security Commission ("SCESC"), that claim was barred by S.C. Code Ann. § 41-27-560, which statute provides an absolute privilege to statements provided to the SCESC by an employer. Therefore, the Magistrate Judge recommended dismissing Plaintiff's claim for defamation. (ECF No. 96, p. 10.)

9

In his objections, Plaintiff concedes that his termination does not support a claim for defamation. (ECF No. 98, p. 4.) Notwithstanding his concession, Plaintiff argues that he established his claim for defamation based on evidence that his termination resulted in "irreversible damage to his career." (Id.) Plaintiff further argues that his defamation claim is supported by South Carolina's prohibition against terminating an individual for "his refusal to willingly go along with illegal discriminatory pay scales, hiring, and promoting." (Id.)

The court agrees with the Magistrate Judge that Plaintiff's evidence does not state an actionable claim for defamation. Even if Plaintiff's termination caused irreversible damage to his career, the evidence supporting this allegation is not enough to establish a claim for defamation. Therefore, the court finds that Plaintiff's objection is without merit. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim for defamation.

**D.     Breach of Implied Employment Agreement**

In his third cause of action, Plaintiff alleges he had an implied contract of employment with Wise and that contract was breached when Defendants terminated his employment in April of 2008. (ECF No. 1, ¶¶ 27-33.)

The Magistrate Judge found that Plaintiff could not establish the existence of contractual employment rights. (ECF No. 96, p. 12.) Therefore, the Magistrate Judge recommended granting summary judgment to Defendants on Plaintiff's cause of action for breach of implied contract. (Id.)

In declining to file an objection to the Magistrate Judge's recommendation, Plaintiff states that he does not "wish to argue this point and reluctantly agrees with dismissal of this portion of the case." (See ECF No. 98, p. 4.)

Therefore, in accordance with the reasons stated by the Magistrate Judge, the court finds

10

that Defendants are entitled to summary judgment on Plaintiff's claim for breach of an implied contract.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir.1983) (observing that in the absence of objections to the Magistrate Judge's Report and Recommendation, the court is not required to provide an explanation for adopting the recommendation).

**E.     Wrongful Termination**

In his final claim, Plaintiff alleges that he was wrongfully terminated as a result of his refusal to participate in Defendants' alleged discriminatory treatment of African-American employees.  (ECF No. 1, ¶ 35.)

Upon her review, the Magistrate Judge recommended granting Wise summary judgment on Plaintiff's wrongful termination claim after she determined that Plaintiff had a statutory remedy against Wise for the discharge.  (ECF No. 96, p. 14.)  The Magistrate Judge found that assuming Plaintiff's allegations were true, Wise would have acted in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, which statutory law provides remedies for precisely these kind of claims.  (Id.)  For this reason, the Magistrate Judge concluded that Plaintiff could not maintain a state law cause of action for wrongful discharge against Wise.  (Id.)

In turning her analysis towards the individual defendants, the Magistrate Judge acknowledged that the statutory remedy exclusion did not apply to Yon and Freudenberg.  (ECF No. 96, pp. 14-15.)  Upon her review of the wrongful termination claim against Yon and Freudenberg, the Magistrate Judge found that Plaintiff had not provided sufficient evidence that he was required to participate in "racist illegal practices" or that his failure to do so caused his termination.  (Id. at p. 15.)  Therefore, the Magistrate Judge recommended granting summary judgment to Yon and Freudenberg on Plaintiff's claim for wrongful termination.  (Id. at p. 16.)

In his objections, Plaintiff asserts that an employee cannot be terminated for unwillingness to participate in illegal activities even in this "at will" state. (ECF No. 98, p. 4.) Plaintiff further asserts that an employee cannot be terminated for fear that the employee would report illegal activity to a governing body. (Id.)

The court agrees with the Magistrate Judge that Plaintiff has an available statutory remedy and, therefore, cannot proceed against Wise on a claim for wrongful termination. In this regard, Wise is entitled to summary judgment on this claim. See Dockins v. Ingles Mkts., Inc., 413 S.E.2d 18, 19 (S.C. 1992) (When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy.").

In consideration of the wrongful discharge claim against the individual defendants, Plaintiff is correct in his statement that a wrongful termination can occur if an at-will employee is required to violate the law as a condition of retaining employment. See Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 216 (S.C. 1985). However, the court finds that the evidence of record does not support Plaintiff's claim that Yon and Freudenberg required Plaintiff to violate the law, or based the reason for his termination on a violation of the law. In this regard, Plaintiff's conclusory allegations about illegal activities, without more, are insufficient to preclude the granting of summary judgment. See Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). Therefore, the court accepts the Magistrate Judge's recommendation and finds that Plaintiff's objection is without merit. Accordingly, the court grants summary judgment to Yon and Freudenberg on Plaintiff's claim for wrongful termination.

**F.    Retaliation and Hostile Work Environment under Title VII**

The Magistrate Judge determined that Plaintiff did not expressly plead causes of action in his complaint for retaliation and/or hostile work environment in violation of Title VII. (ECF

No. 96, p. 16.)  Nevertheless, the Magistrate Judge construed Plaintiff's pro se complaint liberally and considered whether Plaintiff's wrongful discharge cause of action against Wise stated a claim for retaliation under Title VII or whether Plaintiff had presented a hostile work environment claim against Defendants that should survive summary judgment.  (Id. at pp. 16-19.)

Upon consideration of the retaliation claim, the Magistrate Judge found that Plaintiff could not establish that he had engaged in protected activity under Title VII.  (ECF No. 96, p. 17.)  Therefore, the Magistrate Judge determined that any claim for retaliation under Title VII would fail as a matter of law.  (Id.)  In regards to the hostile work environment claim, the Magistrate Judge found that Plaintiff's evidence was insufficient to establish that Defendants' conduct was so "severe or pervasive [as] to alter the conditions of employment and create an abusive atmosphere."  (ECF No. 96, p. 18 (citing Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001)).)  Therefore, the Magistrate Judge determined that any claim for hostile work environment under Title VII would also fail as a matter of law.

In conformity with the failure to specifically plead claims under Title VII, Plaintiff did not object to the Magistrate Judge's recommendation that any claim under Title VII would fail as a matter of law.[3]  Accordingly, the court accepts the Magistrate Judge's recommendation and grants Defendants summary judgment as to any and all claims made by Plaintiff for violation of Title VII.

### III.   CONCLUSION

Upon consideration of the entire record, the court hereby **GRANTS** the motion for

---

[3] The Magistrate Judge found that Plaintiff did not allege he was discriminated against because of his race.  (See ECF NO. 96, p. 16 n. 8.) The court agrees.

13

summary judgment of Defendants, Wise Seats, Inc., Mike Yon, and Jimmy Freudenberg. (ECF No. 75.) The court accepts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference.

**IT IS SO ORDERED**.

*J. Michelle Childs*

**J. MICHELLE CHILDS**
**UNITED STATES DISTRICT JUDGE**

March 27, 2012
Greenville, South Carolina